**John T. DUNLOP, Secretary of Labor and U. S. Department of Labor, Plaintiff-Appellant,**

v.

**LOURUB PHARMACY, INC., d/b/a Hamilton's Rexall Drug Store and Andrew J. Rubish, Defendants-Appellees.**

No. 75–1306.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 7, 1975.

Decided Nov. 7, 1975.

**236**

Donald S. Shire, Deputy Associate Solicitor, U. S. Dept. of Labor, SOL, Washington, D. C., for plaintiff-appellant.

Louis M. Davies, Youngstown, Ohio, for defendants-appellees.

Before EDWARDS, PECK and ENGEL, Circuit Judges.

PER CURIAM.

The Secretary of Labor appeals from a decision of the United States District Court for the Northern District of Ohio holding that defendants' drug and miscellaneous sales must be separated from the liquor sales in the same drug store for purposes of determining whether or not the drug store is an "establishment" with combined annual sales of $250,000, as required for coverage under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (1970).

After trial of this case, the District Judge entered an opinion holding that the fact that all receipts of the defendants' liquor agency are deposited to the name of the Department of Liquor, State of Ohio, and that in fact the liquor sold by defendants remained the property of the Department of Liquor of the State of Ohio until sold, and that the Department determined what liquor was to be furnished for sale and the prices to be charged for it, and that the sales may be made only at hours specified by the Department combined to mean that the liquor department of this drug store could not be a part of the drug store "enterprise."

Since the record clearly discloses that the drug store, including the liquor department, was operated in one building, under one management, with (with one exception) the same employees, using the same utilities and parking space, and the Liquor Commission pays the owner a flat commission based on the gross receipts from his liquor sales, but the owner pays all of the other expenses of the drugs, sundries, and liquor sales operation, we conclude that the District Court's holding was erroneous as a matter of law and that the drugs, sundries, and liquor sales of defendants' drug store operation is one "enterprise" under one "unified operation" or "common control" within the meaning of the statute. *Wirtz v. Barnes Grocer Co.*, 398 F.2d 718 (8th Cir. 1968).

The judgment of the District Court is reversed and the case is remanded for further proceedings consistent with this opinion.